# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
Plaintiff, )
)
)
V. ) Cr. ID No. 1411008699
)
KEITH L. CAMPBELL, )
)
Defendant. )
)

Submitted: July 12, 2018
Decided: August 16, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S [SECOND] MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Matthew Frawley, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Keith L. Campbell, Reg # 08921-015, FDC Philadelphia, P.O. Box 562, Philadelphia, PA 19105, *pro se*.

**MAYER,** Commissioner

This 16th day of August, 2018, upon consideration of Defendant's [Second] Motion for Postconviction Relief, the following is my Report and Recommendation:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.      On October 6, 2015, Defendant plead guilty to Assault First Degree, Assault Second Degree, Conspiracy Second Degree, and one count of Possession of a Firearm by a Person Prohibited (the "PFBPP Charge").  On that same date, Defendant also signed a Truth-in-Sentencing Form acknowledging that he was freely and voluntarily pleading guilty to the charges listed in the Plea Agreement, that by pleading guilty he was waiving the right to a trial, to question witnesses, and if convicted, to file an appeal to the Delaware Supreme Court with the assistance of a lawyer.  Defendant also indicated he was satisfied with his lawyer's representation and that he had been fully advised of his rights.

2.      Since then, Defendant has filed two Motions to Withdraw Guilty Plea,[1] a Motion for Reduction/Modification of Sentence,[2] and a Motion for Postconviction Relief (the "First Motion").  The First Motion was a thirty-one (31) page single spaced brief including numerous case citations and exhibits.  In support of his First Motion, Defendant argued (i) trial counsel was ineffective for failing to file an

---

[1]   On April 21, 2016, the Court denied the motion but agreed to reduce the Defendant's minimum mandatory time for the PFBPP Charge to 5 years (*See* D.I. # 54).

[2]   D.I. # 55, 57, 58.

file an effective motion to suppress; and (ii) prosecutorial misconduct/ineffective assistance of counsel as a result of counsel overstating the applicable statutory time when the plea was offered and accepted.

3.     On February 13, 2017, I issued a Report and Recommendation that the First Motion should be Summarily Dismissed (the "Report").[3]  Defendant was afforded numerous extensions of time and eventually responded to the Report with a Memorandum of Law.  On October 27, 2017, the Court issued an Order denying the First Motion.[4]  Defendant's appeal of that Order was dismissed on January 19, 2018.  Five months later, Defendant has now filed his second Motion for Postconviction Relief (the "Second Motion").[5]

4.     Defendant's Second Motion presents three arguments.  First, entitled "Abuse of courts discretion," Defendant argues he did not know he had a right to appeal the Court's denial of his motion to suppress and when he learned of that fact he contacted his counsel who filed a motion to withdraw his plea.  That motion was heard and denied by the Court.  Second, entitled "Denied the right to appeal," Defendant re-asserts the basis of his first argument but adds that the trial judge never informed

---

[3]  D.I. # 63.

[4]  D.I. # 71.

[5]  Defendant also filed a Motion for Appointment of Counsel that was denied.  *See* D.I. # 78.

3

him of his right to appeal the suppression decision. Third, entitled "Enhanced under the wrong statute," Defendant claims the prosecutor told him he had two felonies which mislead him and he would have accepted the plea had he not been misinformed.

## LEGAL CONCLUSION

5.      Before considering the merits of a claim, the Court must first determine whether there are any procedural bars to the motion.[6] After reviewing Defendant's Second Motion, it is evident that pursuant to Super. Ct. Crim. R. 61(d)(5) the motion may be summarily dismissed because it is procedurally barred and it plainly appears from the record in the case that the movant is not entitled to relief. As such, the Court should not consider the merits of the claims.[7]

6.      Defendant's Second Motion is procedurally barred by Super. Ct. Crim. R. 61(i)(1) for having been filed more than one year after the conviction became final.[8]

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990). *See also Paul v. State*, 2011 WL 3585623 (Del. Aug. 15, 2011), at *1 ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[8]   Defendant's Second Motion was filed more than two years after his conviction became final on July 7, 2016 (30 days after he was re-sentenced). Super. Ct. Crim. R. 61(m).

4

And, as this is Defendant's second motion for postconviction relief, Defendant can only proceed if the motion asserts that he was convicted after a trial and either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.[9] Defendant was not convicted after a trial and his Second Motion neglects to present either of the exceptions to the bar.

7.     Defendant's Second Motion is also barred by Super. Ct. Crim. R. 61(i)(4) which prohibits a defendant from raising claims that have already been adjudicated in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding or in a federal habeas corpus proceeding. Despite the re-titling of his arguments, the Second Motion once again seeks to challenge his counsel's performance with the suppression motion, and the circumstances surrounding the plea offer. These allegations were addressed by way of the motions to withdraw guilty plea, motion for modification of sentence, and the First Motion.

---

[9] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).

5

As such, these issues have already been decided and should not be reconsidered again.

8.     To the extent Defendant believes these arguments circumvent the "formerly adjudicated" bar, they were nonetheless waived when Defendant failed to raise them before the trial court, on appeal, or in his First Motion. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is barred unless the defendant shows cause for relief from the procedural default and prejudice from a violation of his rights.[10] When asked why these arguments were not previously presented to the Court, Defendant responded that his trial counsel lead him to believe he could only raise claims of ineffective assistance of counsel in a post-conviction motion and that he "did not know how to read at the time so he was unable to properly go over his paperwork." These statements are directly contradicted by his 31-page brief in support of his First Motion and the varied arguments presented therein.

9.     Finally, Defendant's claim that he was never informed of his right to appeal, is belied by his own statements. In the Second Motion, Defendant acknowledges that defense counsel filed a motion to withdraw the guilty plea on the basis that he was unaware of his right to appeal the suppression decision. That issue was considered by the Court and the motion was denied. Further, Defendant signed the

---

[10] Super. Ct. Crim. R. 61(i)(3).

Plea Agreement and Truth-in-Sentencing Form waiving his right to a trial, to contest the evidence against him and to an appeal. Defendant is bound by his representations to the Court and his waiver of defenses.[11]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Keith Campbell
     Matthew Frawley, Esquire

---

[11] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).